Johnny Lee LINDLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 61692.

Court of Criminal Appeals of Texas, Panel No. 3.

July 14, 1982.

**542**

Gary S. Glasser and Lorenzo Brown, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Karen Chilton Beverly, David Schick and Andy Anderson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

John Leon Lindley, Appellant, was convicted by a jury for committing on May 7, 1978, the offense of aggravated robbery of a cashier of an all night Gulf gas station, located at Murdock and Loop 12 in Dallas County. The same jury assessed appellant's punishment at 45 years confinement in the penitentiary.

Appellant does not challenge the sufficiency of the evidence. However, due to the contentions raised in his appeal, we will set out a brief summary of the facts. The State's evidence showed that the appellant was identified by three eye witnesses as one of the two robbers of a young female cashier of an all night Gulf gas station. The robbery occurred during the early morning hours of May 7, 1978, and between $80 and $90 was obtained by the appellant and his cohort. Each of the eye witnesses testified that appellant brandished a sawed off shotgun during the commission of the robbery. A shotgun, with both barrel and stock sawed off at the legal limit, was recovered by Dallas police officer R. W. "Cobra" Brashear in the vicinity of the scene of the robbery. The record reflects that Brashear and appellant had more than a passing acquaintanceship with one another. Appellant did not testify at his trial, but through witnesses he raised the defense of alibi, which the jury, by its verdict, rejected.

Approximately one month prior to the commission of the robbery, the appellant was arrested by Brashear and his partner, Harold W. Stroud, for committing the unrelated offenses of assault and possession of marihuana. When appellant was being booked into the Dallas city jail by Brashear and Stroud, he told Brashear, in Stroud's presence: "You ought to see the shotgun I've got. It's perfectly legal. It's barely over eighteen inches long. It's twenty-six inches [in] overall length. [And] you can't touch me." Appellant also told Brashear that the shotgun could not be traced because its serial number had been removed. The sawed off shot gun described by appellant and the shot gun found near the scene of the robbery in all things precisely matched in description. Unquestionably, it was a strong circumstance in linking the appellant to the robbery, even though State had three eye witnesses to the commission of the robbery.

The statements appellant made to Brashear are the core of his appeal, because he asserts in his appeal that the trial court erred by overruling his trial objection and admitting into evidence before the jury the statements he made to Brashear. He makes the following contentions: 1) the State failed to comply with the trial court's pretrial order granting his motion for discovery; 2) the statements were inadmissible because they were "OBTAINED IN VIOLATION OF APPELLANT'S MIRANDA[1] RIGHTS AND HIS RIGHTS UNDER ARTICLE 38.21, 38.22, AND 38.23 OF THE TEXAS CODE OF CRIMINAL PROCEDURE"; and 3) the statements constituted evidence of an extraneous offense. We overrule all of the appellant's grounds of error and affirm his conviction for reasons hereinafter stated.

Prior to trial, appellant filed a motion for discovery, requesting, inter alia, that the prosecution furnish him the following items of evidence:

> Any and all statements, whether written or oral, whether signed or not, whether tape-recorded or otherwise, which the Accused allegedly made to any officer, agents or employees of the law enforcement agency of the State, or District Attorney's office, including written statements or indicia of oral statements, about the alleged incident in question.

This Court as it is presently constituted has ruled that the question of what is and is not discoverable is totally discretionary with the trial court. *Quinones v. State*, 592 S.W.2d 933 (Tex.Cr.App.1978). However, where the trial court grants a motion for discovery, and the prosecution fails to disclose that evidence ordered disclosed by the trial court, then that evidence should not be admitted, if it is offered into evidence by the State during the trial.

It is extremely important, however, for review purposes, that a motion for discovery and the trial court's order pertaining thereto not be lacking in specificity, and both should not be ambiguous in their wording. We find appellant's motion to be ambiguous, when considered in relation to his contention on appeal, and also find the trial court's order to be vague. The motion itself consists of many paragraphs, with the paragraphs not necessarily related to each other. The trial court's order consists only of the following notation: "GRANTED: July 21, 1978," and underneath the notation is the signature of the trial judge. There is not a transcription in the record on appeal of the hearing held on the appellant's motion; thus, we are prevented from knowing what transpired at the hearing. Even if we construed and interpreted the above stated paragraph of the motion and the trial court's order in the most liberal fashion, appellant's complaint would still be insufficient for review purposes, because he has failed to demonstrate how he was harmed by the introduction of his blustering type statements he made to Brashear approximately a month before the commission of the robbery at bar. He claims that he was harmed when the prosecution failed to comply with the trial court's order because this prevented him "from raising the issue of the voluntariness of the confession" and "prevented [him] from preparing his defense to meet this highly prejudicial evidence at the time of trial." Appellant does not elaborate on the first argument he makes, so we do not know whether he is only referring to the hearing that was held in this cause out of the presence of the jury on the question of the admissibility of the statements. If he is claiming the non-action of the prosecution in failing to disclose the statements to him prior to trial prevented him from testifying at the hearing that was held, he is badly mistaken. An accused has the right to testify in a limited capacity at a hearing conducted to decide whether a confession or statement was voluntarily given, without waiving his Fifth Amendment and Art. I, Sec. 10, Constitutional rights. See *Franklin v. State*, 606 S.W.2d 818 (Tex.Cr.App.1979); *Williams v. State*, 607 S.W.2d 577 (Tex.Cr.App.1980). If appellant is claiming that the non-action of

---

1. See *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

the prosecution prevented him from testifying during his trial, we do not find anything in the record on appeal to establish this fact. We observe in passing that we suspect it was not the non-action of the prosecution which prevented him from testifying, but it was the fact he had five prior felony and misdemeanor convictions that caused him not to testify. Furthermore, appellant did not request a postponement during his trial when he became aware of the statements he had made to Brashear. He also did not file a motion for continuance pursuant to Art. 29.13, V.A.C.C.P. The failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise. *Rodriquez v. State,* 597 S.W.2d 917 (Tex.Cr.App.1980). Appellant's ground of error is overruled.

Appellant also contends that the statements he made to Brashear in Stroud's presence were "obtained in violation of appellant's Miranda rights and his rights under Article 38.21, 38.22, and 38.23 of the Texas Code of Criminal Procedure." His contention does not encompass any suggestion that his arrest by Brashear and Stroud for committing the offenses of assault and possession of marihuana was unlawful. Compare *Autry v. State,* 626 S.W.2d 758 (Tex.Cr.App.1982). He also does not contend that his statements resulted from interrogation by Brashear or Stroud. His contention appears to be that solely because he was in custody at the time the statements were made, and the State failed to demonstrate a compliance with Art. 38.22, V.A.C.C.P., this rendered the statements inadmissible.

■ Art. 38.22, Sec. 5, *Id.* specifically excludes from the statute's provisions "Statements that are not the result of custodial interrogation." Although the statements appellant made to Brashear were made when he was in custody, the statements were not the result of any interrogation by Brashear or Stroud, but were volunteered statements by appellant. Furthermore, the statements could not have pertained to the offense at bar because they were made approximately one month prior to the commission of the offense in this cause. The statements were admissible. *Sanchez v. State,* 589 S.W.2d 422 (Tex.Cr.App.1979); *Earnhart v. State,* 582 S.W.2d 444 (Tex.Cr. App.1979); *Thumann v. State,* 466 S.W.2d 738 (Tex.Cr.App.1971).

In *Anderson v. State,* 479 S.W.2d 57, 60–61 (Tex.Cr.App.1972), this Court made the following statements:

> The inadmissibility of a confession made while in jail does not depend upon whether the offense confessed and the offense for which the accused is in jail are one and the same. See *Neiderluck v. State,* 21 Tex.App. 320, 17 S.W. 467. Article 38.22, supra, applies to statements relating to the offense for which the accused is in jail and to statements relating to a crime committed prior to custody. Where, however, statements are made regarding an offense then being committed or regarding an offense not yet committed they are not made inadmissible by the statute. See Branch's Ann.P.C.2d, Section 83, page 82, and cases there cited.

See also *Mathis v. State,* 39 Tex.Cr.R. 549, 47 S.W. 464 (Tex.Cr.App.1898). Because the appellant's statements did not concern an offense that had been committed, and were not obtained as a result of interrogation, we overrule appellant's ground of error. See also appellant's last contention, *post.*

■ Appellant also appears to contend under the above ground of error, regarding his contention that the statements he made to Brashear were inadmissible because they were made when he was in custody, that it was incumbent upon the trial court to make findings of fact and conclusions of law after it ruled after a hearing that the statements were admissible. E.g., Art. 38.22, Sec. 6, V.A.C.C.P. We disagree with appellant's argument. We have reviewed the record and do not find that appellant ever specifically raised the issue of the voluntariness of his statements. Although a hearing was held outside the presence of the jury on the admissibility of the statements appellant made to Brashear, at no time did the appellant make the specific objection to the ad-

missibility of the statements that they were inadmissible because they were involuntary, nor did he present any evidence on this issue. If it be appellant's contention that because Brashear testified that "[appellant] seemed to appear not to be himself," this raised the question of whether the statements were voluntarily made, his contention is without merit. Brashear also testified that appellant "acted like he was sober," and stated that in his opinion appellant did not appear to be under the influence of any drugs when he made the statements. Brashear's statement, "[appellant] seemed to appear not to be himself," is ambiguous at best and is insufficient to establish that appellant's statements were not voluntarily made. The trial court did not err in not making any findings of fact and conclusions of law. Cf., however, *Davis v. State*, 499 S.W.2d 303 (Tex.Cr.App.1973); *Reed v. State*, 518 S.W.2d 817 (Tex.Cr.App. 1975). Appellant's contention is overruled.

■ Appellant lastly asserts that the statements he made to Brashear were inadmissible because they showed his guilt of an extraneous offense. Appellant makes the argument that because he is a convicted felon his admission to Brashear that he possessed a sawed off shotgun constituted a violation of V.T.C.A., Penal Code, Sec. 46.-05. Overlooked by the appellant is the fact that the statute is violated only upon a showing of the following: 1) the prior felony conviction involved an act of violence or threatened violence to a person or property *and* 2) the possession of the weapon occurred "away from the premises where he lives." There is absolutely nothing in any of the statements appellant made to Brashear to indicate that he had ever possessed the sawed off shotgun "away from the premises where he lived." Thus, appellant has failed to show that an extraneous offense was committed. His ground of error is overruled.

The judgment of conviction is affirmed.

DALLY and W. C. DAVIS, JJ., concur in result.