NO. 07-03-0207-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 15, 2005


______________________________



RAYMOND W. DENTON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;



NO. 14,449; HON. BRITT PLUNK, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Raymond W. Denton appeals his conviction for indecency with a child and life 
sentence through five issues. (1) In them, he complains that 1) he was denied the effective
assistance of counsel because his counsel was unprepared, 2) the trial court erred in
overruling his objection to the introduction of extraneous offenses, 3) the trial court erred
in allowing the introduction of photographs of the alleged victim, 4) the trial court erred in
allowing rebuttal testimony from the State, and 5) the trial court erred in admitting, during
the punishment phase, testimony from two witnesses who were not on the State's witness
list. Despite the State having not favored us with an appellee's brief, we affirm the
judgment of the trial court. 

Issue One - Ineffective Assistance of Counsel


 Appellant first argues that he received ineffective assistance of counsel because his
trial attorney was not prepared for trial. We overrule the issue.

 Appellant had the burden to not only show deficient performance but also illustrate
how it prejudiced him. Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999).
Moreover, the failure to establish either element defeats the claim. Rylander v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003).

 Though appellant broached the issue of deficient performance, he said nothing of
prejudice; that is, he did not attempt to illustrate that but for his counsel's unpreparedness
there existed a probability that the outcome would have differed. See Rylander v. State,
101 S.W.3d at 109-10 (so defining the element of prejudice). Nor did appellant suggest
that the circumstance jeopardized a potentially viable defense. Given this, we cannot say
that appellant carried his burden of proof, as that burden is described in Thompson and
Rylander. See McFarland v. State, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996), overruled
on other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998) (stating that
a conviction will not be reversed due to the failure to investigate unless the conduct resulted
in the loss of a viable defense); Dennis v. State 151 S.W.3d 745 (Tex. App.-Amarillo 2004,
pet ref'd) (holding that the appellant did not carry his burden of proof when he failed to
address the issue of prejudice). 




Issue No. 2 - Extraneous Offenses


 In his second issue, appellant complains about the admission of evidence of other
instances of sexual misconduct with the same child. We overrule the issue.

 Notwithstanding Rule 404 of the Rules of Evidence, evidence of other crimes,
wrongs, and acts committed by the defendant against the child complainant shall be
admitted for its bearing on relevant matters such as "the previous and subsequent
relationship between the defendant and the child" victim. Tex. Code Crim. Proc. Ann. art.
38.37 §2(2) (Vernon 2005). Additionally, evidence of prior sexual indecencies with or
assaults against the child falls within the scope of this statute and, therefore, is admissible. 
Gutierrez v. State, 8 S.W.3d 739, 749 (Tex. App.-Austin 1999, no pet.). Thus, the trial
court did not abuse its discretion in admitting the evidence at issue.

Issue No. 3 - Photographs


 Appellant next complains about the admission of two enlarged photographs of the
victim's genitalia. They should have been excluded, he continues, because they were not
previously disclosed to him per "the Courts [sic] earlier ruling on Discoverable [sic] items." 
We overrule the issue. 

 Appellant sought no continuance in response to the State's belated disclosure of
evidence. That resulted in the waiver of his complaint. Lindley v. State, 635 S.W.2d 541,
543-44 (Tex. Crim. App. 1982); Taylor v. State, 93 S.W.3d 487, 502 (Tex. App.-Texarkana
2002, pet. ref'd) (holding that the failure to request a continuance waives any violation of
a discovery order). 

Issue No. 4 - Rebuttal Testimony 


 Next, appellant argues that the trial court should not have admitted rebuttal
testimony offered by the State. We overrule the issue. 

 The testimony in question encompassed appellant's status as an alcoholic and a
person who ingested drugs. Furthermore, it was offered in response to prior testimony
given by appellant's mother; she had said, when questioned by the defense, that appellant
only drank beer sporadically and that she had never seen him use drugs. The rebuttal
testimony depicted him as an alcoholic and drug abuser, however.

 Generally, when a defendant creates a false impression via testimony of a witness,
he opens the door for the State to respond and correct the impression. Wheeler v. State,
67 S.W.3d 879, 886 (Tex. Crim. App. 2002); see also Rodriguez v. State, 974 S.W.2d 364,
369 (Tex. App.-Amarillo 1998, pet. ref'd) (stating that when a witness responds to defense
counsel that the defendant lacked the nature to do that of which he was accused, it opened
the door for the State to present evidence impeaching the response). Yet, it may do so
only through the cross-examination of the witness, not by calling another witness. Wheeler
v. State, 67 S.W.3d at 885. So, to the extent that the testimony of appellant's mother
created a false impression that appellant drank minimally and did not use drugs, the State
was free to impeach or correct it via the cross-examination of that witness. However, it
could not do so by calling another witness. Since the latter occurred over the defendant's
objection, the court erred.

 Having found error, we must now determine whether it affected a substantial right
of appellant. See Tex. R. App. P. 44.2(b); see also Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App.1998); Matz v. State, 21 S.W.3d 911, 192 (Tex. App.-Fort Worth 2000,
pet. ref'd) (stating that errors regarding the admission of evidence are reversible only if they
affected the defendant's substantial rights). The record discloses that the evidence of
appellant's guilt was rather overwhelming. Indeed, the victim gave extensive testimony
inculpating appellant. Medical evidence comported with the victim's testimony, and the
victim's sister heard the victim ask appellant to stop. And, while the mother's testimony and
rebuttal to it were mentioned in closing, the allusions were brief. Given this, we conclude
that the error did not affect a substantial right of appellant and find the error harmless. See
Venable v. State, 113 S.W.3d 797, 801 (Tex. App.-Beaumont 2003, no pet.) (concluding
that error was harmless when the proof of guilt was overwhelming and the inadmissible
evidence received minimal attention from the State). 

Issue No. Five - Testimony of Undisclosed Witnesses


 In his last issue, appellant complains of the trial court's decision to permit the State
to offer the testimony of two witnesses (during the punishment phase of the trial) whose
names were missing from its witness list. Their testimony should have been excluded,
according to appellant, because of the revelation of the names was untimely. We overrule
the issue.

 Again, appellant did not move for a continuance when faced with the belated
disclosure. Having failed in that regard, he waived his complaint. Lindley v. State, supra;
Taylor v. State, supra.

 Having overruled each issue, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice 


Do not publish. 
1. Appellant was charged with aggravated sexual assault of his 13-year-old daughter who came to live
with him when she was ten. The jury convicted him of the lesser-included offense of indecency with a child. 



="Dark List Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0236-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

JUNE 21, 2011

______________________________

 

 

In re BARRY DWAYNE
MINNFEE,

 

                                                                                                            Relator  

_________________________________

 

ON ORIGINAL
PROCEEDING FOR WRIT OF MANDAMUS

_______________________________

 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ. 

            Pending before this court is the
application of Barry Dwayne Minnfee for a writ of
mandamus.  He requests that we direct
[the] District Court Judge to act on [sic] Intentional Tort May 23rd
(2011).  We deny the application for the
reasons that follow.

            First, rules of procedure obligate
one seeking mandamus relief to accompany his petition with an appendix.  Tex. R. App. P. 52.3(j).  The latter must include, among other things,
a certified or sworn copy of the document showing the matter complained
of.  In this case, the document showing
the matter complained of would be the document filed with the district court
upon which it is supposed to act.  This Minnfee failed to do. 


            Second, nothing of record indicates
that the document was brought to the attention of the district court.  Simply put, before mandamus relief may issue,
the petitioner must establish that the district court 1) had a legal duty to
perform a non-discretionary act, 2) was asked to perform the act, and 3) failed
or refused to do it.  OConnor
v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.Amarillo 2001, orig. proceeding).  Given this, it is encumbent
upon Minnfee to illustrate that the district court
received and was aware of his request.  This
is so because a court cannot be faulted for doing nothing when it is or was
unaware of the need to act.  Here, Minnfee fails to state in his petition that he has made the
trial court aware of his request. 
Lacking that information, we cannot simply assume that the district
court knew of its duty to act and neglected to perform it.  Thus, Minnfee has
not fulfilled his burden to illustrate that the trial court refused to act.

            Accordingly, the application for
writ of mandamus pending before this court is denied.

 

                                                                        Per
Curiam