Opinion filed June 1, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 1, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00285-CR 

                                                    __________

 

                                   LARRY VILLARREAL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 6688-D

 



 

                                                                   O
P I N I O N

 

Larry Villarreal appeals his conviction by a jury
of the offense of criminal mischief, allegedly caused by his intentionally and
knowingly damaging and destroying a pickup, causing pecuniary loss in the amount
of $1,500 or more but less than $20,000. 
The trial court assessed his punishment at confinement for twelve months
in the Texas Department of Criminal Justice, State Jail Division.  He contends in three issues that the trial
court erred in admitting the testimony of Tom Brewster as an expert for the
State, in admitting photographs of damage to the complainant=s pickup; and in admitting a written
estimate of damages to the pickup.  We
affirm.








Villarreal asserts in issue one that the trial
court erred in admitting the testimony of Brewster as an expert for the
State.  Villarreal filed a motion based
upon Tex. Code Crim. Proc. Ann. art.
39.14(b) (Vernon Supp. 2005) requesting an order that the State disclose the
name of any expert witness the State might use at trial.  On May 13, 2005, the trial court ordered the
State to promptly disclose the name of any expert witness.

The State never specifically designated Brewster
as an expert witness but referred to its subpoena list in the court file when
counsel for Villarreal asked who its witnesses were.  The trial court noted that, of the names on
the subpoena list, only Brewster could have been an expert. Counsel for
Villarreal indicated that he was not saying that the State=s failure to designate Brewster as an
expert was a surprise.  Villarreal=s counsel indicated that the State had
provided him at the pretrial hearing with a copy of the estimate, telling him
that Calvin Boatwright or Asomebody
else@ would be
the expert witness.  We also note that
the State made it clear that Boatwright, whose name was disclosed to Villarreal
as an expert witness, would be available to testify either later in the day or
the next morning.  Despite the
availability of the designated expert witness, Villarreal did not move for a
continuance so that the designated witness could testify in lieu of Brewster or
so that he might be prepared to counter Brewster=s
testimony.  We also note that Villarreal
was aware that the State would be calling a witness with respect to the amount
of damage done to the pickup because he himself requested and obtained the
appointment of an expert with respect to that issue.  

When a trial court grants a motion for discovery
and the State fails to disclose the evidence ordered by the trial court, that
evidence should not be admitted into evidence by the State during the
trial.  Lindley v. State, 635
S.W.2d 541, 543 (Tex. Crim. App. 1982); De Pena v. State, 148 S.W.3d
461, 465 (Tex. App.CCorpus
Christi  2004, no pet.).  In the context of expert witnesses, this
common law duty has been codified by statute and has been extended to criminal
defendants.  Article 39.14(b); De Pena,
148 S.W.3d at 465.  Therefore, the State
had a duty to disclose to Villarreal its intention to call Brewster as an
expert witness.  De Pena, 148
S.W.3d at 465.








When the trial court allows an unlisted witness to
testify over objection, the decision is reviewed for an abuse of
discretion.  Martinez v. State,
867 S.W.2d 30, 39 (Tex. Crim. App. 1993); De Pena, 148 S.W.3d at
467.  Among the factors to be considered
are any showing by the defendant of bad faith on the part of the prosecution in
failing to disclose and whether the defendant could have reasonably anticipated
that the witness would testify despite the State=s
nondisclosure.  De Pena, 148
S.W.3d at 467.

The State disclosed to Villarreal that Boatwright
or someone else would be an expert witness with respect to the issue of the
extent of damage to the complainant=s
pickup.  Brewster was the only witness
listed on the State=s
subpoena list who could have been an expert witness.  It appears from the facts, as we have
outlined them, that Villarreal made no showing that the State acted in bad
faith or that he could not under the circumstances reasonably anticipate
Brewster=s
testimony.  Also, as we have noted, the
witness specifically designated as an expert witness was available, but
Villarreal did not request a recess or continuance in order that the the
designated witness could testify in lieu of Brewster or in order to prepare for
cross-examination of Brewster.  Finding
that the trial court did not abuse its discretion by admitting Brewster=s testimony, we overrule issue one.

Villarreal insists in issue two that the trial
court erred in admitting photographs of damage to the complainant=s pickup.  The complainant testified that, on the
occasion in question, he was the manager of a steel fabrication plant in
Abilene and that Villarreal was working for him.  He described damage that was done to his
pickup and identified State=s
Exhibit Nos. 1 through 4 as photographs taken by the insurance company of his
pickup and the damage done to it on the occasion in question.  Brewster testified that the photographs were
of damage to the complainant=s
pickup taken by an adjuster and that they were true and accurate.  However, on cross-examination, he
acknowledged that he could not testify that the photographs accurately depicted
the scene at the time they were taken because he could not testify concerning
what the scene at the time was.

In order for a photograph to be admitted as
evidence, the proponent of the item must be able to prove that the depiction is
an accurate representation of what it purports to depict.  Pierce v. State, 777 S.W.2d 399, 413
(Tex. Crim. App. 1989).  Although
Brewster was not able to vouch for the accuracy of the photographs because he
had not observed the damage done to the complainant=s
pickup, we hold that the trial court did not abuse its discretion in admitting
the photographs due to the complainant=s
testimony that he had observed the damage to the pickup and that the
photographs depicted that damage.  We
overrule issue two.  








Villarreal argues in issue three that the trial
court erred by admitting the estimate of damages to the complainant=s pickup into evidence.  Brewster identified the estimate, State=s Exhibit No. 6, as an estimate
prepared in July 2003, under his supervision, of the damage to the complainant=s pickup.  When Brewster was asked for his opinion as to
the pecuniary loss suffered in terms of damage to the pickup in question,
Villarreal objected on the basis that Brewster did not prepare the estimate and
that his answer based on the estimate would be hearsay.  The trial court sustained the objection.  Shortly thereafter, Brewster testified without
objection that, based on the photographs of the pickup he had inspected and
based on his review of the estimate, in his opinion, the gross amount of the
loss to the complainant=s
pickup was $1,856.19.  He related that it
was the same estimate that his adjuster, Boatwright, had prepared.  State=s
Exhibit No. 6 is an estimate prepared by Boatwright.  The trial court subsequently admitted the
exhibit over Villarreal=s
hearsay objection.

There is no dispute that the estimate is hearsay
unless it falls within the business records exception to the hearsay rule.  Tex.
R. Evid. 803(6).  Villarreal
contends: (1) that the State failed to show that the estimate was made and kept
in the course of a regularly conducted business activity; (2) that it was the
regular practice of the business activity to make the estimate; (3) that the
estimate was made at or near the time of the event that it records; and  (4) that the estimate was made by, or from
information transmitted by, a person with knowledge.  He urges that, in the absence of such
evidence, the estimate constitutes inadmissible hearsay.

The State contends that, although its questioning
of Brewster did not follow the language of Rule 803(6), it was reasonable for
the trial court to find that these four prerequisites were true and that the
estimate was admissible as a business exception.  It relies upon Brewster=s assertion that the estimate was
obtained from his files and that it had been performed under his supervision as
well as his testimony that he reviews a claim once it is paid.

Whether or not the trial court erred in the
admission of the estimate, we are not to reverse, in the case of constitutional
error, if we determine beyond a reasonable doubt the error did not contribute
to the conviction or punishment; and we must disregard any other error that
does not affect appellant=s
substantial rights.  Tex. R. App. P. 44.2(a), (b).








The admission of hearsay testimony deprives the
defendant of his right to cross-examination and, therefore, violates his or her
rights under the Confrontation Clause of the Sixth Amendment.  See McClenton v. State, 167 S.W.3d 86,
94 (Tex. App.CWaco
2005, no pet.).  In determining harm from
Confrontation Clause error, we consider the importance of the witness=s testimony, whether the testimony was
cumulative, the presence or absence of evidence corroborating or contradicting
material points of the witness=s
testimony, the extent to which cross-examination was permitted, and the overall
strength of the State=s
case.  Delaware v. Van Arsdall,
475 U.S. 673 (1986); McClenton, 167 S.W.3d at 95.  If, applying these factors, we cannot
determine beyond a reasonable doubt that the Confrontation Clause violation did
not contribute to appellant=s
conviction or punishment, we must reverse the trial court=s judgment.  Rule 44.2(a); McClenton, 167 S.W.3d at
95.  We do not focus on the propriety of
the trial=s
outcome, but on calculating, as nearly as possible, the probable impact of the
error on the jury in light of the other evidence.  Wesbrook v. State, 29 S.W.3d 103, 119
(Tex. Crim. App. 2000); McClenton, 167 S.W.3d at 95.  The question is whether a reasonable
probability exists that the error moved the jury from a state of non-persuasion
to one of persuasion as to the issue in question.  Wesbrook, 29 S.W.3d at 119; McClenton,
167 S.W.3d at 95.

The complainant testified that he paid a little
bit over $1,800 to have his pickup fixed. 
As previously noted, Brewster testified that, based upon the photographs
of the damage, the gross amount of the loss to the complainant=s pickup was $1,856.19.  The estimate introduced also showed the gross
damage to the complainant=s
pickup was in the amount of $1,856.19. 
We conclude that, in view of the testimony of the complainant and
Brewster, the introduction of the estimate itself was cumulative and not
particularly significant.  The State=s case was strong in the absence of the
admission of the estimate; and Villarreal presented no evidence, despite having
had his own expert appointed, to contradict the amount of damage done to the
complainant=s
pickup.  We conclude beyond a reasonable
doubt that, even if the trial court erred by admitting the estimate into
evidence, it did not contribute to Villarreal=s
conviction or punishment.  We also
conclude that it did not affect Villarreal=s
substantial rights.  We overrule issue
three.  

The judgment of the trial court is affirmed.

 

June 1,
2006                                                                            PER
CURIAM

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  McCall, J., and

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.