MEMORANDUM OPINION














 

 

 

 

 

 

 

 

 

 

 

 

MEMORANDUM
OPINION

 

 

No. 04-07-00109-CR

No. 04-07-00110-CR,
and

No. 04-07-00111-CR

 

Juan Arnulfo VILLEGAS,

Appellant

 

v.

 

The STATE
of Texas,

Appellee

 

From the 229th Judicial District Court, Starr
 County, Texas

Trial Court No. 06-CRS-18, 20 and 22

Honorable Alex W. Gabert, Judge Presiding

 

Opinion by:     Rebecca Simmons, Justice

 

Sitting:            Catherine
Stone, Justice

                        Karen Angelini, Justice

                        Rebecca Simmons, Justice

 

Delivered and
Filed:  February 20, 2008

 

AFFIRMED

 

Appellant Juan Arnulfo Villegas
was convicted of three counts of indecency with a child.  On appeal, Villegas asserts the trial court
erred in failing to grant a mistrial on two separate occasions during voir dire
and by allowing the State to present witness testimony from a witness whose
name did not appear on the State’s witness list.  We affirm the judgments of the trial court.

Voir Dire

 

During general voir dire, the
prosecutor asked “[w]hat does a person look like who has been sexually
abused?”  After several responses from
the venire panel, the prosecutor asked “[w]hat does a person look like who has
committed child abuse?  Sexual child
abuse?  What does that person look like?  Anyone?” 
One venire member replied “Depressed,” another “Withdrawn,” another “Normal,”
and then panel member 45 stood up and said “Something like him,” pointing at
the Defendant.  Defense counsel
immediately objected:

Defense:          Your
Honor, I think that his outburst and pointing just tainted the

jury, Your Honor.

 

Court:              Say
it again.

 

Defense:          His
statement, his outburst.

 

. . . .

 

                        He
got up and said, ‘Like him,’ and pointed to the Defendant.  

He’s already tainted.  That’s uncalled for, Your Honor.  Just 

tainted the whole pool right
there.

 

After much discussion at the
bench with panel member 45 regarding his actions and whether the remaining
panel heard the comment, the prospective juror was found in contempt of court
and ordered jailed by the trial court.  The deputy then handcuffed the panel member
and removed him from the courtroom in front of the jury panel.  Defense counsel again objected “I think this
outburst tainted the jury pool” and “ask[ed] for a ruling.”  The trial court overruled the objection.  Defense counsel did not ask for an
instruction.

            During the specific voir dire, a
different prospective juror, number 28, relayed her opinion before the rest of
the panel that “if they look guilty they are guilty . . . That’s just it, so I
don’t think I would be, you know, fair for the Defendant.”  Once again, defense counsel objected two
times, requesting a mistrial, arguing that the jury pool had been tainted based
on the prospective juror’s statements. 
The trial court overruled the objection.  Defense counsel did
not request an instruction.

A.  Standard of
Review

Villegas alleges the trial court
erred in failing to grant his motions for mistrial.  An appellate court reviews a trial
court’s overruling of a
motion for mistrial under an abuse of discretion standard.   Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  Moreover, the trial court’s ruling is upheld if it is within the zone
of reasonable disagreement.  Id.  

B.  Analysis

In this case, neither panel
member 45 nor 28 was seated on the jury. 
Villegas’ argument is that their comments tainted the panel members who
heard the comments and ultimately served on the jury panel.  The State argues that Villegas failed
to make timely objections or state the specific grounds for the objections.  We disagree. 
During the first incident, Villegas’ counsel stated “I think this
outburst tainted the jury pool.”  After
asking for a ruling on his “objection,” the trial court overruled the
objection.  During the second incident, defense
counsel specifically requested a mistrial.

We, like the trial court,
liberally construe defense counsel’s objection to venire person 45 as a motion
for mistrial.[1]  In the present case, the record clearly supports that defense counsel was
seeking to quash the panel, and the trial court understood his objection to be,
a motion for mistrial.  See also Mandrell v. State, No. 02-02-375-CR,
2004 WL 1416099 (Tex. App.―Fort Worth 2004, no pet.) (in
determining that error was preserved, held “[l]iberally construing Appellant's
objection at trial, we hold that Appellant sufficiently apprised the trial
court that he was making a constitutional challenge to the legality [of the
stop]”).

The
State argues that even if Villegas requested mistrials, his appeal fails
because he did not first request an instruction that would have cured any error
resulting from the jurors’ comments.  In Young v. State, 137 S.W.3d 65, 70 (Tex. Crim.
App. 2004), the court determined that a defendant may preserve error by moving
for a mistrial without requesting an instruction to disregard if the
instruction could not have cured the harm. The Young Court
explained that a request for an instruction is essential only when the
instruction could have had the desired effect, “which is to enable the
continuation of the trial by an impartial jury. 
The party who fails to request an instruction to disregard will have
forfeited appellate review of that class of events that could have been ‘cured’
by such an instruction.”  Id.  Thus, we must determine whether an
instruction would have cured any harm or prejudice resulting from either of the
potential jurors’ statements.

In making such a determination,
we look at each remark on a case-by-case basis and ask whether these
objectionable events “are so emotionally inflammatory that curative
instructions are not likely to prevent the jury from being unfairly prejudiced
against the defendant.”  Id.  Here, both panelists’ comments were made in
open court and recorded by the court reporter.  Because both venire members 45 and 28 were sitting
with the other members of the panel when they made their remarks and the
exchanges were sufficiently audible for the court reporter to record, we can
reasonably infer that
other members of the panel heard the prospective jurors’ remarks.  Thus, the issue is whether the remarks were
so emotionally inflammatory that the seated jurors were influenced to the
prejudice of the defendant.  

The record is simply devoid of evidence
that any juror on the panel was prejudiced or that any other juror held a similar opinion as either of the
prospective jurors
who made the statements.  The fact that venire
member 45 was handcuffed and led away from the courtroom in contempt clearly
indicated the court’s displeasure with the opinion expressed by venire member
45.  Even without an instruction, the
other jurors could have reasonably drawn on their own experiences to know that individuals
who commit child abuse do not all look alike. 
Another venire member responded that a child abuser would look “normal”
immediately before venire member 45 made his comment.  Furthermore, it does not seem probable that remaining
members of the panel would have been so persuaded by the panelists’ statements to
make them incapable of drawing their own conclusions.  Johnson
v. State, 43 S.W.3d 1, 5-6 (Tex.
Crim. App. 2001).

In Young, the defendant was convicted of aggravated sexual assault of
a child and the testimony and credibility of the child were central to the
case.  Young, 137 S.W.3d at 71.  During voir dire, a potential juror stated
that, during her
twenty-five years as a social worker, she had never had a child lie about being sexually
assaulted.  Id.
at 67-68.  The Court opined that “even without an
instruction from the court, it seems probable that other members of the venire,
drawing on their own experiences regarding the truth-telling tendencies of
young children, would question the veracity of [the prospective juror’s] statements that she had never
known a child with whom she worked to lie.” 
Id. at 71.  Our analysis is no different.  Like the Court of Criminal Appeals, we
decline to assume that jurors are so easily prejudiced.

Finally,
assuming arguendo, that other potential jurors were prejudiced by the
remarks, there is no evidence from which we can infer that one of those jurors
actually served on the Villegas’ jury.  Therefore, the trial court did not abuse its discretion
in denying Villegas’ motions
to quash and motion for mistrial and his first two appellate issues are overruled.

 

Surprise Witness

 

            Villegas
next asserts that the trial court erred when it allowed Maria Villegas Ramirez,
Villegas’ older daughter, to testify because her name did not appear on the
State’s witness list.  Defense counsel
made several objections to Ramirez’s testimony, all of which were based on
notice and surprise.  Villegas asserts
that he filed a motion for discovery of the State’s witness list on February
22, 2006, along with a plethora of other pre-trial discovery motions.  

The State filed a State’s
witness list on July 24, 2006 that did not include Ramirez’s name.  Two days later, however, the State filed a
notice of intent to use evidence of other crimes, wrongs or acts which did
include Ramirez’s name, with a stated offense of indecency with a child,
allegedly committed in 1999.  On July 27,
2006, the State’s First Amended Witness List identified Ramirez as a State’s
witness and provided her address.  Villegas’
cases were called to trial on August 1, 2006.

Importantly, however, the
failure to request a postponement or seek a continuance waives any error urged
in an appeal on the basis of surprise.  Barnes v. State, 876 S.W.2d 316, 328 (Tex.
Crim. App. 1994); see also Lindley v. State, 635 S.W.2d 541, 544
(Tex. Crim. App. [Panel Op.] 1982); Mock
v. State, 848 S.W.2d 215, 222 (Tex. App.―El Paso 1992, pet. ref’d).  Both Lindley
and Mock present situations where the
State offered evidence it allegedly failed to provide after a pre-trial
discovery order was entered by the trial court.  In Lindley,
the trial court admitted statements of the accused that the State failed to
provide to the defense.  Lindley, 635 S.W.2d at 543.  In Mock,
the trial court permitted the State to present an undisclosed witness’
testimony.  Mock, 848 S.W.2d at 222.  Both courts held any error was waived based on
defense counsel’s failure to seek a continuance.  Lindley,
635 S.W.2d at 544; Mock, 848 S.W.2d
at 222.  Villegas’ counsel objected based
on surprise and lack of notice, but he failed to seek a continuance from the
trial court.  Accordingly, Villegas’
failure to seek a motion for continuance waives his complaint on appeal.

Even assuming the State did not
provide Ramirez’ name in a timely fashion, in evaluating whether a court abuses
its discretion, in allowing a witness not included on the witness list to
testify, courts look at (1) whether the State acted in bad faith and (2) whether
the defense could reasonably anticipate the testimony of the undisclosed
witness.  Hightower v. State, 629 S.W.2d 920,925 (Tex. Crim. App. 1981).  There is no evidence that the State acted in
bad faith and, as the State suggests, Villegas could have reasonably
anticipated that Ramirez would testify.  See Martinez v. State, 131 S.W.3d 22, 28-30 (Tex. App.―San Antonio 2003, no
pet.)  The State’s July 26, 2006 notice
of intent to use evidence of other crimes, wrongs or acts included Ramirez’s
name, with a stated offense of indecency with a child, allegedly committed in
1999.  As such, the defense could have
reasonably anticipated that the State would call Ramirez in order to prove this
allegation.  We, therefore, overrule this
issue on appeal.

 

Rebecca
Simmons, Justice

 








 











[1]  Texas Rule of Appellate Procedure 33.1(a)
provides:

(a) In General. As a
prerequisite to presenting a complaint for appellate review, the record must
show that:

(1) the complaint was made to
the trial court by a timely request, objection, or motion that:

(A) stated the grounds for
the ruling that the complaining party sought from the trial court with sufficient specificity to make the
trial court aware of the complaint, unless the specific grounds were
apparent from the context;

Tex. R. App. P.
33.1(a).