

# NUMBER 13-12-00575-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**EDWIN SCHNEIDER JR.,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

### On appeal from the 347th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Edwin Schneider Jr. challenges his conviction for robbery, which was enhanced by a habitual felony offender finding. *See* TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011), § 12.42(d) (West Supp. 2011). By one issue, Schneider argues that it was error for the trial court to admit expert fingerprint testimony at the punishment hearing

because Schneider was not given proper notice of the testimony.   We affirm.

## I.  Background

Schneider was indicted in connection with a bank robbery that occurred on June 9, 2010 in Corpus Christi, Texas.   The indictment included a habitual felony offender enhancement paragraph, alleging that Schneider had previously been convicted of two felony offenses in Travis County, Texas—unauthorized use of a motor vehicle and manufacturing methamphetamines.   Schneider pleaded not guilty to the charged offense.   Prior to trial, Schneider filed a discovery motion under article 39.14 of the code of criminal procedure, seeking the disclosure by the State, twenty days before trial, of any expert witnesses expected to testify for the State.   *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(b) (West Supp. 2011).   The trial court granted the motion.   It is undisputed that the State did not give Schneider written notice that it would rely on the testimony of a fingerprint expert.   Instead, in both a pre-trial meeting with defense counsel and in a letter sent to counsel, the State informed counsel that it would call a witness to explain the nature of fingerprint evidence and to connect the current prints taken of the defendant with the fingerprints in Schneider's "pen pack" for identity purposes.   In both communications, the State expressed its opinion to defense counsel that the fingerprint testimony was not expert testimony and was therefore adequately disclosed on the State's lay witness list.

Schneider's case was then tried to a jury, which found him guilty.   There was no relevant fingerprint testimony at the guilt-innocence phase.   At the punishment hearing, Schneider pleaded "not true" to the enhancement allegations.   The State called its

2

fingerprint witness to connect Schneider's known prints with those in his pen pack in order to prove Schneider was the person who committed the alleged enhancement offenses. Defense counsel objected to the fingerprint witness, arguing that he was not given proper notice of the expert testimony being offered. The trial court overruled the objection, qualified the witness as an expert, and allowed her to testify. Defense counsel did not request a continuance.

After the close of the punishment evidence, the trial court found both enhancement allegations to be true and sentenced Schneider to seventy years' incarceration. This appeal followed.

## II. Discussion

By one issue on appeal, Schneider argues that the trial court erred in qualifying the State's fingerprint witness as an expert and allowing her to testify because the State did not give Schneider proper notice of the expert testimony prior to trial. We find that, because he did not request a continuance to prepare for the expert testimony, Schneider waived his complaint on appeal.

If a witness's name is not furnished to a defendant before trial despite a court order, any error in allowing that witness to testify over a claim of lack-of-notice is waived by the defendant's failure to move for a continuance. *See Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. 1982) (citation omitted); *see also Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (citations omitted); *Tamez v. State*, 205 S.W.3d 32, 40 (Tex. App.—Tyler 2006, no pet.) (citing *Duff-Smith v. State*, 685 S.W.2d 26, 33 (Tex. Crim. App. 1985)) ("The appropriate remedy for a discovery violation is to request a

continuance."); *Ivison v. State*, No. 13–01–00519–CR, 2002 WL 34230971, at \*6 (Tex. App.—Corpus Christi Aug. 30, 2002, no pet.) (not designated for publication) ("Having failed to [request a continuance], [appellant] cannot now be heard to complain of the lack of notice." (internal quotations omitted)). When the State called its fingerprint witness during the punishment phase, Schneider objected that he had not been given proper notice of the expert testimony and asked the trial court to exclude the testimony on this basis. He did not request a continuance to prepare for the fingerprint testimony. As such, any error by the trial court in allowing the testimony despite the lack of notice was waived.

Moreover, we note that even if Schneider had not waived his complaint, we would still affirm.

> If a trial court allows an unlisted witness to testify over objection, the decision is reviewed for an abuse of discretion. *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993); [*Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989)]; *Hardin v. State*, 20 S.W.3d 84, 88 (Tex. App.—Texarkana 2000, pet. ref'd). Among the factors to be considered by an appellate court are any showing by the defendant of bad faith on the part of the prosecution in failing to disclose, and whether the defendant could have reasonably anticipated that the witness would testify despite the State's nondisclosure. *Castaneda v. State*, 28 S.W.3d 216, 223 (Tex. App.—El Paso 2000, pet. ref'd) (citing *Stoker*, 788 S.W.2d at 15). Unless the defendant makes the necessary showing, the trial court's decision to allow the testimony will not be disturbed on appeal. *Id.*

*DePena v. State*, 148 S.W.3d 461, 467 (Tex. App.—Corpus Christi 2004, no pet.). Here, Schneider made no showing of bad faith on the part of the State. And even though the prosecutor and defense counsel disagreed about whether the fingerprint testimony was expert or lay testimony, given the multiple communications between the prosecutor and defense counsel regarding the fingerprint witness, Schneider cannot credibly claim that

4

he had no knowledge of the State's intention to use the witness and, thus, should have reasonably anticipated that the witness would testify. We therefore cannot conclude that the trial court abused its discretion and will not disturb the court's admission of the testimony.

We overrule Schneider's issue.

### III. Conclusion

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of May, 2013.