

NUMBER 13-14-00014-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JESSE CANTU,**                                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                          **Appellee.**

---

### On appeal from the 347th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

A jury found appellant, Jesse Cantu, guilty of seven counts of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011 (West, Westlaw through 2013 3d C.S.). Appellant received life sentences for each count, to run concurrently. By two issues, appellant contends that the trial court erroneously excluded evidence that the victim had

gonorrhea and the trial court allowed an undisclosed expert witness to testify on behalf of the State. We affirm.

## I. THE MEDICAL RECORDS

By his first issue, appellant contends that the trial court failed to find that evidence that the victim had tested positive for gonorrhea was admissible pursuant to an exception to Rule of Evidence 412, also known as the "Texas Rape Shield Law." *See* TEX. R. EVID. 412 (establishing that "[i]n a prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, reputation or opinion evidence of the past sexual behavior of an alleged victim of such crime is [generally] not admissible"). Specifically, appellant argues that the evidence was admissible to show that the victim had a motive to lie.

### A. Pertinent Facts

During his opening statement, appellant's trial counsel told the jury that the victim had tested positive for gonorrhea. The State objected on the basis that there was a motion in limine and that appellant's defense counsel had failed to approach the bench before mentioning the gonorrhea. The trial court held a bench conference on the issue. At this conference, the State further argued that the complained-of evidence was inadmissible pursuant to rule 412. Appellant's trial counsel argued that the evidence was relevant, that the State would be offering the victim's medical reports and that the trial court had to admit the entire report, which included the gonorrhea diagnosis. Appellant's defense counsel stated, "The issue of whether or not this child's statement is true goes to the motive of the child lying." However, he did not cite or mention rule 412 and did not explain how evidence that the victim had gonorrhea showed that she had a motive to lie.

2

The trial court ruled that defense counsel had violated the motion in limine and gave the jury an instruction to disregard appellant's trial counsel's statement.

While cross-examining the sexual assault nurse examiner (the "SANE"), appellant's trial counsel attempted to elicit testimony that the victim had tested positive for gonorrhea. The State asked to approach the bench, objecting on the basis that appellant's trial counsel was violating the motion in limine by failing to approach the bench before eliciting the testimony. Appellant's trial counsel argued that the rule of optional completeness required the admission of the entire medical report.[1] Appellant's trial counsel did not mention or cite rule 412's exceptions as grounds to find that the evidence was admissible. The trial court instructed appellant's trial counsel not to ask questions about the victim's medical report.

On re-cross examination of the SANE, appellant's trial counsel again questioned her regarding the victim's medical report. The State asked to approach the bench, complaining that appellant's trial counsel had violated the motion in limine. Appellant's trial counsel argued that the State had opened the door to such evidence. The State responded that it had not offered the medical records, that it did not intend to do so, and that the contents of the medical report constituted hearsay. The trial court refused to admit the victim's medical records. Appellant's counsel did not mention rule 412 as a basis for admitting the victim's medical reports.

## B.     Applicable Law

We review the exclusion of evidence under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). A trial court does not

---

[1] The trial court did not admit the victim's medical records.

abuse its discretion if its decision to exclude the evidence is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g).

Rule 412 (b) states that: "In a prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is also not admissible." TEX. R. EVID. 412. However, rule 412 carves out several exceptions that make such evidence admissible. *See id.* Under rule 412, one exception, relied upon by appellant, allows the admission of such evidence if: (1) the proponent of the evidence follows certain procedural guidelines as set out in the rule; (2) the evidence "relates to the motive or bias of the alleged victim"; and (3) "its probative value outweighs the danger of unfair prejudice." *Id.* R. 412(b)(1), (2), (3)

## C. Discussion

The State argues that appellant has failed to preserve this issue for our review. We agree with the State because appellant did not reference rule 412 or provide any argument that the complained-of evidence was admissible under rule 412 to the trial court. *See Santellan v. State*, 939 S.W.2d 155, 171 (Tex. Crim. App. 1997) (requiring that the appellant's arguments on appeal comport with the objections made at trial for appellate court to address the issue). Appellant contends that he preserved his issue when his defense counsel stated that "the issue of whether or not this child's statement is true goes to the motive of the child lying." We disagree that this statement alone preserved appellant's issue. *See* TEX. R. APP. P. 33.1 (establishing that specific objections must be made in order to preserve issue for appeal).

4

However, even assuming that statement alone preserved the issue for our review, appellant did not comply with the procedural requirements of rule 412, which states that

> [i]f the defendant proposes to introduce any documentary evidence or to ask any question, either by direct examination or cross-examination of any witness, concerning specific instances of the alleged victim's past sexual behavior, the defendant must inform the court out of the hearing of the jury prior to introducing any such evidence or asking any such question.

TEX. R. EVID. 412(c). Here, prior to attempting to elicit testimony that the victim tested positive for gonorrhea, appellant did not inform the trial court out of the hearing of the jury that he intended to do so. *See id.* R. 412(b)(1) (requiring defendant to comply with 412(c) for evidence to be admissible), (c).

In addition, under rule 412(b)(2)(C), it was appellant's burden to demonstrate that a definitive and logical link existed between the victim's past sexual conduct and the alleged motive or bias. *See Stephens v. State*, 978 S.W.2d 728, 734–35 (Tex. App.—Austin 1998, pet. ref'd) (concluding that trial court properly excluded, pursuant to rule 412, evidence that the victim was pregnant with another man's child when the appellant allegedly sexually assaulted her and reasoning that, among other things, the defendant failed to demonstrate a definite and logical link between the victim's past sexual conduct and the alleged motive and bias). However, appellant made no argument to the trial court linking the victim's gonorrhea diagnosis to any motive or bias. *See id.*

Moreover, even if the trial court determines that the proffered evidence of the victim's past sexual conduct is relevant as to motive or bias, to admit the evidence, the trial court must also conclude that its probative value outweighs the danger of unfair prejudice. TEX. R. EVID. 412(b)(3). The Austin court of appeals explained that:

> [t]he function of the balancing test of Rule 412(b)(3) is generally consistent with that under Rule 403. The tests do differ somewhat. Under Rule 403,

5

the opponent of the evidence bears the burden of showing that the danger of unfair prejudice substantially outweighs the probative value of the evidence. Under Rule 412(b)(3), the burden falls on the proponent of the evidence, the defendant, to show that the probative value of the evidence outweighs the unfair prejudice. The general balancing test under 403 weighs in favor of the admissibility of evidence, while Rule 412(b)(3) weighs against the admissibility of evidence.

In light of the underlying policies of Rule 412, it is reasonable to assume the "unfair prejudice" language therein includes prejudice to the victim, who will potentially be stigmatized if the defendant is able to introduce evidence of sexual behavior.

*Stephens v. State*, 978 S.W.2d 728, 733 (Tex. App.—Austin 1998, pet. ref'd).

Here, appellant had the burden to demonstrate that any unfair prejudice was outweighed by the probative value of evidence that she had tested positive for gonorrhea.[2] *See id.* However, appellant did not argue that the probative value of the evidence outweighed any unfair prejudice.[3] Thus, he did not meet his burden under Rule 412. *See id.* Accordingly, we cannot conclude that the trial court abused its discretion by not admitting the complained-of evidence pursuant to rule 412's limited exceptions. We overrule appellant's first issue.

---

[2] In discussing the rationale for rule 412, the Texas Court of Criminal Appeals stated that

evidence of a rape victim's prior sexual activity is of dubious probative value and relevance and is highly embarrassing and prejudicial. Often such evidence has been used to harass the prosecuting victim. Sponsors of these statutes assert that they encourage victims of sexual assault to report the crimes without fear of having their past sexual history exposed to the public.

*Allen v. State*, 700 S.W.2d 924, 929, 931 (Tex. Crim. App. 1985) (en banc).

[3] Appellant's trial counsel told the trial court that he was not alleging that appellant gave the victim gonorrhea. The victim alleged that appellant committed the sexual assaults two years before she made the outcry. The SANE nurse testified outside the presence of the jury that it was possible for a person to have gonorrhea for two years and not know it.

## II.    NOTICE OF STATE'S EXPERT WITNESS

By his second issue, appellant asserts that the trial court allowed the State to offer an expert witness without giving him proper notice.  Specifically, appellant argues that the State's expert witness's "testimony was vacuous and its sole purpose was to bolster the primary testimonial evidence with the mere fact that the victim participated in the counseling [with the State's expert witness]" and that the error "contributed to Appellant's conviction because the case should have gone to the jury exclusively on the basis of the victim's testimony and it did not."[4]

Appellant's arguments appear to only address the harm he believes he suffered due to the testimony of the State's expert witness.  And, aside from appellant's mere assertion that he did not receive proper notice, he has not provided any argument within his brief demonstrating that the trial court committed error by allowing the State's expert witness to testify.  *See* TEX. R. APP. P. 38.1(i).  Moreover, although appellant filed a motion for disclosure of the State's witnesses, the record does not contain any order from the trial court ordering the State to disclose its witnesses to appellant.  *See Washington v. State*, 856 S.W.2d 184, 187 (Tex. Crim. App. 1993) (en banc) ("Criminal defendants do not have a general right to discover evidence in the State's possession, but they have been granted limited discovery by Article 39.14 [which states that upon the defendant's motion, the trial court may order the State to disclose to the defendant 'the name and address of each person the [State] may use at trial to present evidence under Rules 702,

---

[4] The State informed the trial court that it had filed two subpoenas for the complained-of witness with the trial court, which the State argued constituted notice to appellant that the State planned to call the complained-of witness.  The State argued further that the trial court had not ordered it to produce a witness list to appellant.  The trial court stated that the docket sheet did not show that a hearing was held on appellant's motion for disclosure of the State's witnesses.  The trial court overruled appellant's objection.

703, and 705, Texas Rules of Evidence']"); *Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. [panel op.] 1982) (providing that evidence may be inadmissible due to lack of notice when a "trial court grants [a] motion for discovery"); *see also* TEX. CODE CRIM. PROC. ANN. art. 39.14(b).

Nonetheless, even when an order exists, if a witness's name is not furnished to a defendant before trial, any error in allowing that witness to testify over a claim of lack-of-notice is waived by the defendant's failure to move for a continuance. *Lindley*, 635 S.W.2d at 544 (citation omitted) ("The failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise."); *see Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (en banc) (per curiam) ("In the instant case, appellant objected but failed to move for a continuance in order to interview the witnesses or determine the matters about which they were to testify. Having failed to do so, he 'cannot now be heard to complain.'"); *see also Youens v. State*, 742 S.W.2d 855, 860 (Tex. App.—Beaumont 1987, pet. ref'd) (stating that "any error in allowing that witness to testify over defendant's claim of surprise is made harmless by his failure to object or move for continuance" and concluding that although the defendant objected on the basis of surprise, by failing to seek a continuance, the defendant "cannot now be heard to complain"); *Schneider v. State*, No. 13-12-00575-CR, 2013 WL 2300995, at *2 (Tex. App.—Corpus Christi May 23, 2013, no pet.) (mem. op., not designated for publication) (concluding that because Schneider "did not request a continuance to prepare for the fingerprint testimony[,] . . . any error by the trial court in allowing the testimony despite the lack of notice was waived"); *Delgado v. State*, No. 13-01-386-CR, 2003 WL 22023466, at *13 (Tex. App.—Corpus Christi Aug. 28, 2003, no pet.) (mem. op.,

8

not designated for publication) ("Assuming, without deciding, that the report [admitted at trial] was exculpatory and material, Delgado's failure to move for a continuance also waived any claim he was surprised by the report."). Here, after the State informed appellant's counsel of the new witness, appellant objected that he had not been given proper notice of the testimony and asked the trial court to exclude the testimony on this basis. He did not request a continuance to determine the matters about which the complained-of witness was to testify. As such, any error by the trial court in allowing the testimony despite the lack of notice was waived. *See Lindley*, 635 S.W.2d at 544; *see also Barnes*, 876 S.W.2d at 328; *Youens*, 742 S.W.2d at 860; *Schneider*, 2013 WL 2300995, at \*2; *Delgado*, 2003 WL 22023466, at \*13. We overrule appellant's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
Rogelio Valdez
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of August, 2014.