

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00125-CR

**RAUL REQUENA-CASTANEDA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 14,788**

## MEMORANDUM OPINION

Raul Requena-Casteneda appeals from four convictions for sexual assault of a child. TEX. PENAL CODE ANN. § 22.011 (West 2011). Requena complains that the trial court abused its discretion by denying his motion for a mistrial during voir dire; that he received ineffective assistance of counsel because his trial counsel failed to request a curative instruction during voir dire; that the trial court erred by refusing to admit portions of his recorded statement relating to his willingness to take a polygraph examination during the investigation; that the trial court erred by admitting evidence of

extraneous bad act evidence that had not been disclosed prior to trial pursuant to Article 37.07 of the Code of Criminal Procedure; and that he received ineffective assistance of counsel because his trial counsel failed to request a continuance to investigate the undisclosed extraneous bad acts admitted during the punishment phase of the trial. Because we find no reversible error, we affirm the judgments of the trial court.

## MOTION FOR MISTRIAL

In his first issue, Requena complains that the trial court erred by denying his motion for mistrial made during voir dire because a prospective juror's statement against Requena was so extreme and prejudicial that the jury panel was tainted and he was denied his right to a fair trial. Early in voir dire, one of the prospective jurors stated that she would not be a good juror for Requena "because he used to work for us and I didn't have a very good experience with him—". The trial court interrupted the prospective juror and told her that they would come back to her to discuss it later. At the end of the State's voir dire, after a break Requena made a motion for mistrial. Requena argued that the comment was a statement that because of her prior dealings with Requena she would find him guilty, which tainted the jury to such an extent that it was impossible to resurrect the panel or to be able to determine whether or not the statement prejudiced Requena. The trial court denied the motion for mistrial, and Requena then conducted his voir dire. After both sides had finished, the trial court took a break, at which time the trial court and counsel for the State and Requena agreed to dismiss the prospective juror so that she

would not be able to talk to the other prospective jurors.

A denial of a mistrial is reviewed for an abuse of discretion. *Morris v. State*, 530 S.W.3d 286, 290 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); *Gonzalez v. State*, 455 S.W.3d 198, 205-06 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). The evidence must be viewed in the light most favorable to the denial, and it must be upheld if it falls within the zone of reasonable disagreement. *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). A reviewing court may not substitute its judgment for the trial court's judgment; it simply determines whether the denial was arbitrary or unreasonable. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). A trial court abuses its discretion when no reasonable view of the record could support the trial court's ruling. *See id.*

A mistrial is required only in extreme circumstances—when prejudice is otherwise incurable. *See Archie*, 221 S.W.3d at 699. When a party requesting a mistrial does not first seek a lesser remedy—usually a judge's instruction to the venire or jury to disregard what they heard—reversal is inappropriate if any prejudice could have been cured by a less drastic alternative. *See Young v. State*, 137 S.W.3d 65, 69-70 (Tex. Crim. App. 2004). An instruction to disregard usually cures any prejudice. *Gonzalez*, 455 S.W.3d at 206. There is an appellate presumption that an instruction to disregard will be obeyed. *See Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987). An instruction fails to cure prejudice when the instruction fails to "leave the jury in an acceptable state to continue the trial." *Young*, 137 S.W.3d at 69.

The prospective juror's comment was stopped quickly by the trial court and no further information was ever given by the prospective juror regarding her comment. Our review of the record does not demonstrate that the prospective juror's comment had any effect or that she commented inappropriately during the remainder of voir dire. We find that at most, an instruction to disregard would have been sufficient to cure any potential prejudice from the potential juror's comments. Because a lesser remedy would have been appropriate, we find that the trial court did not abuse its discretion by denying the motion for mistrial. We overrule issue one.

### INEFFECTIVE ASSISTANCE OF COUNSEL—VOIR DIRE

In his second issue, Requena complains that he received ineffective assistance of counsel because his counsel did not seek an instruction to cure any harm from the prospective juror's comments as set forth in his first issue. In order to prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, the appellant must show that counsel was so deficient as to deprive appellant of his Sixth Amendment right to counsel. *Strickland*, 466 U.S. at 687. Second, the appellant must show that the deficient representation was prejudicial and resulted in an unfair trial. *Id*. To satisfy the first prong, appellant must show that his counsel's representation was objectively unreasonable. *Id*.; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To satisfy the second prong, appellant must show that there is "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812. A reasonable probability exists if it is enough to undermine the adversarial process and thus the outcome of the trial. *See Strickland*, 466 U.S. at 694; *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). The appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. Our review is highly deferential. *Mallett*, 65 S.W.3d at 63; *Thompson*, 9 S.W.3d at 813.

The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). "Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination." *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and an allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813.

Requena argues that his counsel's failure to seek a curative instruction to limit any harm from the prospective juror's comments constituted ineffective assistance because the comment caused a negative outlook of Requena which biased the jury panel against

him. He has not shown how there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" as required to prevail under the second prong of *Strickland*. *See Thompson*, 9 S.W.3d at 812. Likewise, our review of the entire record does not show that the panel was biased or otherwise tainted by the comments, which were not specific as to any reasons for the prospective juror's prejudice. Because Requena has not met the second prong of *Strickland*, we overrule issue two.

## ADMISSION OR EXCLUSION OF EVIDENCE

Requena's third and fourth issues complain of the trial court's admission or refusal to admit evidence. A trial court is given broad discretion in determining the admissibility of evidence. *Allridge v. State*, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991). Accordingly, we review a trial court's admission or exclusion of evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A reviewing court should not reverse a trial court's ruling that falls within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)(op. on reh'g).

### POLYGRAPH TESTIMONY

In his third issue, Requena complains that the trial court abused its discretion by refusing to admit portions of his recorded statement to law enforcement where he repeatedly offered to take a polygraph examination. Requena argued that the excluded

portions were not being offered to establish their truth but to establish that the State had not properly investigated the cases against him and that he was cooperative throughout the interview. Requena argues that the State had "opened the door" to the evidence of his cooperativeness because of the investigating officer's testimony regarding the recorded statement that he was not forthcoming about knowing the complete identity of a person to whom he had allegedly sold a cell phone which had been used to contact the victim. During the recorded statement, Requena offered to get the person's contact information and provide it later, but he never did. Requena argues that this evidence was offered to show a lack of cooperation which he should have been able to rebut with the excluded portions of the recorded statement. Alternatively, Requena argues that the entire recording should have been admissible pursuant to Rule 107 of the Rules of Evidence.

The State argues that Requena's arguments on appeal regarding "opening the door" and Rule 107 were not preserved because those objections were not made at trial and do not comport with his trial objections. A claim raised on appeal will not be considered if it varies from the objection made at trial. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009). We agree that those complaints were not preserved for appeal because they were not made to the trial court. At trial, the trial court conducted a hearing on the State's motion in limine seeking to redact the portions of the statement regarding the polygraph, and Requena objected on the basis that he was not offering the statement

for the truth of the matter asserted but to establish that the State did not investigate its case properly because it did not follow through on Requena's request. The trial court granted the State's motion and allowed the State to redact the recorded statement accordingly. Later, when the redacted statement was offered by the State, counsel for Requena renewed the objection he had previously made.

In Texas, the results of or references to a polygraph examination are inadmissible "for all purposes." *Martinez v. State*, 272 S.W.3d 615, 626 (Tex. Crim. App. 2008). This is so even if the State and defendant agree and stipulate to use the results of a polygraph test at trial. *Nethery v. State*, 692 S.W.2d 686, 700 (Tex. Crim. App. 1985). The two primary reasons for excluding polygraph evidence are: (1) the inherent unreliability of polygraphs; and (2) the tendency of the results to be unduly persuasive to the fact finder. *Martines v. State*, 371 S.W.3d 232, 250 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Regardless of whether the case involves the results of a polygraph test or a defendant's willingness to take a polygraph test, evidence of either will result in the same problem: the fact finder will speculate about its outcome or a witness or defendant's position will be bolstered. *Ex Parte Huddlestun*, 505 S.W.3d 646, 664 (Tex. App.—Texarkana 2016, pet. ref'd). Therefore, it is generally error to allow the introduction of evidence of polygraph results or a defendant's willingness to submit to a polygraph. *Tennard v. State*, 802 S.W.2d 678, 684 (Tex. Crim. App. 1990).

The Court of Criminal Appeals has expressly declined to hold that polygraph

evidence becomes admissible to correct a false impression not created by inadmissible polygraph evidence. *Robinson v. State*, 550 S.W.2d 54, 60 (Tex. Crim. App. 1977). The State introduced admissible evidence that did not make reference to a polygraph, and that cannot open the door to inadmissible polygraph evidence. *Id*. To admit the redacted portion would have resulted in the type of harm the rule seeks to prevent: the jury would have speculated what the results of the test may have been; why the State did not accept his offer to take the polygraph test; and Requena's position would have been impermissibly bolstered. *Tennard*, 802 S.W.2d at 684; *Bradley v. State*, 48 S.W.3d 437, 443 (Tex. App.—Waco 2001, pet. ref'd). Accordingly, the trial court did not abuse its discretion in denying Requena's request to admit the redacted portions of the video where he stated he was willing to submit to a polygraph test. Requena's third issue is overruled.

**UNDISCLOSED EXTRANEOUS CONDUCT**

In his fourth issue, Requena complains that the trial court abused its discretion by allowing the admission of evidence during the punishment phase of the trial regarding extraneous bad acts that had not been disclosed by the State pursuant to article 37.07 of the Code of Criminal Procedure. The evidence presented related to alleged violations of bond conditions requiring no contact with the victim where on two occasions he was in a public place where the victim also was. One violation took place in a grocery store and the other took place in Walmart, although there was no evidence that Requena and the

victim had any contact during either event. The alleged violations of Requena's bond were not included in the State's Article 37.07 notice.

Article 37.07 of the Code of Criminal Procedure provides that during the punishment phase of trial, evidence as to any matter deemed relevant to sentencing may be admitted, including evidence of an extraneous offense shown beyond a reasonable doubt to have been committed by the defendant. TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1). Article 37.07 includes a notice provision. "On timely request of the defendant, notice of intent to introduce evidence under [article 37.07] shall be given in the same manner required by Rule 404(b), Texas Rules of Evidence." TEX. CODE CRIM. PROC. art. 37.07, § 3(g). Rule 404(b) requires that "the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—other than that arising in the same transaction—in its case-in-chief." TEX. R. EVID. 404(b); *see Worthy v. State*, 312 S.W.3d 34, 37 (Tex. Crim. App. 2010). This notice requirement prevents surprise. *Gonzalez v. State*, 337 S.W.3d 473, 485 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

We will assume without deciding that the State's notice was deficient under Article 37.07, Section 3(g), and that the trial court therefore erred by admitting it. We must next consider whether the error was harmful. The admission of extraneous bad conduct evidence during the punishment phase when the State failed to provide notice required by statute is non-constitutional error. *Gonzalez*, 337 S.W.3d at 485 (Tex. App.—Houston

[1st Dist.] 2011, pet. ref'd). We may reverse a judgment of conviction or punishment based on a non-constitutional error only if that error had a substantial and injurious effect in determining the jury's verdict. *See* TEX. R. APP. P. 44.2(b); *cf. Hernandez v. State*, 176 S.W.3d 821, 823-25 (Tex. Crim. App. 2005) (*citing Roethel v. State*, 80 S.W.3d 276, 281-82 (Tex. App.—Austin 2002, no pet.), with approval). Because the purpose of evidentiary rules during the punishment hearing are designed to avoid unfair surprise and enable the defendant to prepare to answer the extraneous misconduct evidence, we must analyze whether and how the notice deficiency affected Requena's ability to prepare for this evidence. *See Roethel*, 80 S.W.3d at 281-82.

Requena's defense counsel had the opportunity to, and did cross-examine the victim's mother regarding the alleged violations of his bond conditions. If the evidence constituted a surprise that required a re-evaluation of Requena's strategy at the punishment phase, defense counsel could have requested a continuance, but he did not do so. *See Lara v. State*, 513 S.W.3d 135, 144 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Absent a motion for continuance or the identification, either in the trial court or on appeal, of how the defense's strategy would have changed, we are precluded from holding that, even if there was error in the admission of the evidence, the error was harmful. *See id.*; *see also Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. [Panel Op.] 1982) ("The failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise."); *Martin v. State*, 176 S.W.3d 887, 900 (Tex.

App.—Fort Worth 2005, no pet.) (explaining defendant waived any complaint that he was surprised by State's untimely notice by failing to request continuance). We overrule issue four.

### INEFFECTIVE ASSISTANCE OF COUNSEL—PUNISHMENT PHASE

In his fifth issue, Requena complains that his trial counsel's failure to seek a continuance in response to the State's failure to provide notice pursuant to Article 37.07 constituted ineffective assistance of counsel. We have previously set forth the standard of review regarding ineffective-assistance claims in issue two.

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).

When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392

(Tex. Crim. App. 2005). In rare cases, however, the record can be sufficient to prove that counsel's performance was deficient, despite the absence of affirmative evidence of counsel's reasoning or strategy. *Id*.

Requena filed a motion for new trial but did not allege ineffective assistance of counsel in the motion. As stated in the previous issue, Requena's counsel was able to effectively cross-examine the victim's mother regarding the testimony. Additionally, the record demonstrates that Requena's counsel had been notified of the alleged violations of his bond conditions by email so the substance of the testimony did not constitute a surprise to him. Because the record is silent as to any strategy by his counsel, we find that Requena has not shown that his trial counsel's alleged ineffectiveness in failing to seek a continuance was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392. We overrule issue five.

## CONCLUSION

Having found no reversible error, we affirm the judgments of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed October 10, 2018
Do not publish
[CR25]

