**Opinion filed April 30, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00021-CR

_____

**PAMELA MARIE YBARRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-19-0156-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Pamela Marie Ybarra, was indicted for the state jail felony offense of theft. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West 2019). Although the value of the stolen property was less than $2,500, the charged offense is a felony because Appellant had been previously convicted of theft on two or more occasions. *Id.* After the jury found Appellant guilty as charged in the indictment, and upon Appellant's election, the trial court assessed Appellant's punishment at two years' confinement in the State Jail Division of the Texas Department of Criminal Justice and a $1,000 fine.

Appellant raises a single issue on appeal. She argues that the trial court erroneously admitted certain statements that she made to law enforcement after her arrest was effectuated. Specifically, Appellant contends that the trial court erred when it (1) admitted these statements and (2) failed to initially hold a hearing to determine the admissibility of these statements in violation of the dictates of Article 38.22 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West Supp. 2023). We affirm.

## I. *Factual Background*

On November 24, 2018, Jeremy Reyes, an asset protection specialist for Walmart, observed Appellant attempting to leave a Walmart store in Odessa with merchandise that she had not purchased. Before she was able to leave Walmart, Reyes apprehended Appellant and escorted her to the store's loss prevention office. The unpurchased merchandise was retrieved, and law enforcement was contacted.

Corporal Tyler Silverthorn of the Odessa Police Department was dispatched to the Walmart store and after a brief discussion with Appellant, during which Appellant produced the unpurchased items, he arrested her for theft. Corporal Silverthorn read the required *Miranda*[1] and statutory warnings to Appellant, and he thereafter transported her to the Ector County Law Enforcement Center (ECLEC). During transport, Appellant was seated in the backseat of Corporal Silverthorn's patrol unit; a camera in the patrol unit that is equipped with a recording feature was focused on the backseat where Appellant sat. As such, Appellant's actions and the statements that she made during transport were recorded by this device. It is certain statements that she made, and which were captured by the recording, that are the focus of her complaint on appeal.

The State moved to admit the recording at trial. The recording shows that during her transport to the ECLEC, Appellant initially mentions her prior theft

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

2

convictions and how her past conduct might affect the prosecution of this offense. After a period of silence, Appellant asks Corporal Silverthorn if she would be fined. Corporal Siverthorn responded: "I don't know." Appellant later states, spontaneously, "I hate stealing, I really do . . . I wish I was rich so I wouldn't have to [steal]" and that she regretted the "bad choices [she] made." In the midst of Appellant's unsolicited banter, Corporal Silverthorn never questioned, provoked, or engaged Appellant in any manner; he simply drove his patrol unit to the ECLEC.

Appellant's trial counsel objected to the admission of the recording and argued that Rules 401 and 403 of the Texas Rules of Evidence precluded its admission. Before ruling on Appellant's asserted relevance and undue prejudice objections, the trial court asked Appellant's trial counsel if she intended to object to the admission of the recording pursuant to Article 38.22, to which she responded "No." After considering trial counsel's arguments on this matter, the trial court overruled Appellant's relevance and prejudice objections and admitted the recording. The jury convicted Appellant of the charged offense and this appeal followed.

## II. *Preservation of Complaint*

### A. *Standard of Review*

To preserve a complaint for appellate review, a party must present a specific, timely objection to the trial court that articulates the specific grounds for the ruling that the complaining party sought from the trial court. TEX. R. APP. P. 33.1(a)(1)(A); *Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020); *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (citing *Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campbell, J., concurring)). The rules of preservation require that the complaint raised on appeal must first have been presented to and addressed by the trial court. In that regard, the purpose of requiring a specific objection "provide[s] the trial judge and opposing counsel an opportunity to address

3

and, if necessary, correct the purported error." *Ford*, 305 S.W.3d at 533 (citing *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)).

For purposes of preservation, an objection asserted at trial on one ground cannot support a different contention on appeal. *Clark v. State*, 365 S.W.3d 333, 339–40 (Tex. Crim. App. 2012); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). As such, the complaint and argument raised by Appellant on appeal must comport with and correspond to the objections that she made to the trial court, or they are waived. TEX. R. APP. P. 33.1(a)(1)(A); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Arevalo v. State*, 675 S.W.3d 833, 845 (Tex. App.—Eastland 2023, no pet.); *Dominguez v. State*, 474 S.W.3d 688, 699 (Tex. App.—Eastland 2013, no pet.); *Edmondson v. State*, 399 S.W.3d 607, 611 (Tex. App.—Eastland 2013, no pet.).

Importantly, when the procedures outlined in Article 38.22 are at issue, as in the case before us, trial counsel must assert specific objections to the particular statutory provisions that counsel alleges have been violated to preserve such a complaint for appellate review; a general reference to Article 38.22, without more, will not suffice. *See Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009); *Patterson v. State*, 496 S.W.3d 919, 931 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). "If an issue has not been preserved for appeal, neither the court of appeals nor [the Court of Criminal Appeals] should address the merits of that issue." *Ford*, 305 S.W.3d at 532.

B. *Analysis*

The issue that we must consider at the outset is whether Appellant preserved for appellate review the complaint that she now asserts. Appellant argues on appeal that certain statements that she made in Corporal Silverthorn's patrol unit during her transport to the ECLEC, which were recorded, were erroneously admitted by the

4

trial court because the necessary statutory requirements for admission were not met. Appellant further argues that the trial court abused its discretion when it "failed" to initially hold an Article 38.22 hearing to determine the admissibility of these statements. *See* CRIM. PROC. art. 38.22, §§ 3(a)(2), 6 (West Supp. 2023). The State asserts that Appellant did not preserve these complaints for our review. We agree with the State.

As we have said, to preserve a complaint for appellate review, a party must assert a specific, contemporaneous objection to the challenged evidence at the time the evidence is offered for admission. *Burg*, 592 S.W.3d at 448–49; *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). Compliance with this preservation requirement is particularly necessary when it is claimed on appeal, as it is here, that evidence was improperly admitted in violation of Article 38.22. *See Resendez*, 306 S.W.3d at 313; *Roberts v. State*, No. 11-20-00013-CR, 2022 WL 120714, at *5–6 (Tex. App.—Eastland Jan. 13, 2022, no pet.) (mem. op., not designated for publication) (to preserve a complaint for appellate review, the alleged violation of a specific provision of Article 38.22 must be brought to the trial court's attention); *Rodriguez v. State*, No. 11-14-00340-CR, 2016 WL 7649858, at *5 (Tex. App.— Eastland Dec. 22, 2016, no pet.) (mem. op., not designated for publication). In this context, and to be considered on appeal, if an alleged violation of Article 38.22 is raised, Appellant or his trial counsel must have articulated to the trial court the specific Article 38.22 violation that Appellant now claims occurred.

Here, and despite the trial court's rhetorical inquiry and tacit suggestion, Appellant's trial counsel declined the trial court's invitation to assert an Article 38.22 objection to the admission of the evidence (Appellant's statements) that Appellant now challenges on appeal. Moreover, Appellant's trial counsel did not request that the trial court conduct a hearing pursuant to Article 38.22 so it could determine whether the statutory requirements for admissibility had been met. The

record shows that no Article 38.22 argument was raised or presented to the trial court at any phase of Appellant's trial—let alone "with sufficient specificity to make the trial court aware of [Appellant's] complaint." *See* TEX. R. APP. P. 33.1(a)(1)(A). Rather, the only objections asserted by Appellant to the admission of the complained-of evidence were based on relevance and undue prejudice under Rules 401 and 403.

The complaints that Appellant urges on appeal were not presented to the trial court for determination. Therefore, because Appellant's objections at trial do not comport with or correspond to the complaints that she now advances on appeal, and because she never invoked the provisions of Article 38.22, Appellant presents nothing for our review. TEX. R. APP. P. 33.1(a)(1)(A); *see Resendez*, 306 S.W.3d at 312–13; *Ordway v. State*, No. 11-18-00336-CR, 2020 WL 5552736, at *2 (Tex. App.—Eastland Sept. 17, 2020, no pet.) (mem. op., not designated for publication); *Roberts*, 2020 WL 120714, at *5–6.

### III. *Admission of Evidence*

Nevertheless, even if we assume that Appellant's complaints had been preserved for our review, we conclude that the trial court did not abuse its discretion when it admitted the recording or by "failing" to hold an Article 38.22 hearing.

### A. *Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *Ruiz v. State*, 631 S.W.3d 841, 855 (Tex. App.—Eastland 2021, pet. ref'd). This standard also applies to a trial court's decision to admit or exclude extraneous-offense evidence. *Perkins v. State*, 664 S.W.3d 209, 216–17 (Tex. Crim. App. 2022); *Arevalo*, 675 S.W.3d at 843; *Barron v. State*, 630 S.W.3d 392, 410 (Tex. App.—Eastland 2021, pet. ref'd). The trial court's decision will be upheld, and there is no abuse of discretion, as long as it was within the "zone of reasonable disagreement."

*Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009).  Further, we will not reverse a trial court's evidentiary ruling, even if the trial court's reasoning is flawed, if it is correct on any theory of law that finds support in the record and is applicable to the case.  *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016); *Dering v. State*, 465 S.W.3d 668, 670 (Tex. App.—Eastland 2015, no pet.).

    B.  *Analysis – Article 38.22*

Article 38.22 governs the admissibility of statements that a defendant makes during a custodial interrogation.  CRIM. PROC. art. 38.22 § 3(a).  It is significant that Article 38.22, Section 3 applies only to oral statements made by a defendant who is subject to a *custodial interrogation*.  *Id.*  A custodial interrogation setting requires that (1) the defendant must have been "in custody" at the time the statements are made, and (2) law enforcement must have "interrogated" the defendant either by express questioning or its functional equivalent.  *See Rhode Island v. Innis*, 446 U.S. 291, 300–02 (1980); *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  However, the provisions of Article 38.22 do not apply if either the "custodial" or "interrogation" predicates are not met.  *Jones v. State*, 795 S.W.2d 171, 174–76 (Tex. Crim. App. 1990); *Shiflet v. State*, 732 S.W.2d 622, 623–24 (Tex. Crim. App. 1985).  It is the defendant's burden to show that a statement made by her was the product of a "custodial interrogation" before Article 38.22 may be invoked.  *Gardner v. State*, 306 S.W.3d 274, 294 (Tex. Crim. App. 2009); *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).

A person is considered to be in "custody" only if a reasonable person would believe that she has been deprived of her freedom to the degree associated with a formal arrest.  *Stansbury v. California*, 511 U.S. 318, 322 (1994).  In this case, Appellant was arrested, handcuffed, and transported to the ECLEC.  Therefore, for purposes of Article 38.22, Section 3, Appellant was in "custody" at the time she

made the statements of which she complains on appeal. As such, it is the application of the "interrogation" element that will determine whether Appellant could avail herself of the protections afforded by Article 38.22, Section 3.

"Interrogation" for purposes of Article 38.22 refers to express questioning and any words, actions, or conduct on behalf of law enforcement that they should know are reasonably likely to elicit an incriminating response from the defendant. *Innis*, 446 U.S. at 300–02; *Jones*, 795 S.W.2d at 174. However, not all post-arrest discussions between a defendant and law enforcement can be characterized as an "interrogation." *Jones*, 795 S.W.2d at 174. For example, interviewing a defendant under certain circumstances may not equate to an "interrogation." *Howes v. Fields*, 565 U.S. 499, 512–14 (2012); *Herrera*, 241 S.W.3d at 526–28.

Appellant's actions and the statements that she made as she was transported to the ECLEC in Corporal Siverthorn's patrol unit were recorded. The recording from Corporal Silverthorn's patrol unit clearly shows that Appellant's statements and admissions were spontaneous and unsolicited. Further, at no time during Appellant's transport to the ECLEC did Corporal Silverthorn question, provoke, intimidate, or coerce Appellant. In fact, Corporal Silverthorn simply drove his patrol unit to the ECLEC while Appellant randomly volunteered the very statements of which she now complains on appeal.

In this instance, Appellant was not interviewed, questioned, or subjected to a setting whereby the actions and conduct of law enforcement was reasonably likely to elicit incriminating responses from her. Corporal Silverthorn remained mostly silent; Appellant did not. Thus, the "one-sided" discussion that occurred during Appellant's transport to the ECLEC does not constitute an "interrogation" within the meaning of Article 38.22, Section 3; therefore, its provisions would not apply. *See Barnes v. State*, 665 S.W.3d 192, 197 (Tex. App.—Eastland 2023, no pet.) (Article 38.22 only applies to a custodial interrogation setting.); *Fernandez v. State*,

No. 11-16-00135-CR, 2018 WL 811954, at *6–7 (Tex. App.—Eastland Jan. 31, 2018, pet. ref'd) (mem. op., not designated for publication) (Article 38.22 does not apply if there is no "interrogation" by law enforcement.).

Despite Appellant's preservation dilemma, we conclude that the trial court did not abuse its discretion when it admitted the recording that included Appellant's complained-of statements.

Finally, and assuming it is necessary to do so, we address Appellant's contention that the trial court abused its discretion when it "failed" to hold an Article 38.22 hearing before it admitted the recording. Pursuant to Section 6 of Article 38.22, *if the issue of voluntariness is raised*, the trial court must conduct a hearing outside the presence of the jury and make an independent finding regarding the voluntariness of the challenged statement. *See* CRIM. PROC. art. 38.22, § 6 (*where a question is raised* regarding the voluntariness of an accused's statement, the trial court must make an independent finding in a hearing outside the jury's presence); *see also Oursbourn v. State*, 259 S.W.3d 159, 175 (Tex. Crim. App. 2008) ("Because raising a 'question' is what triggers the trial court's duty under Section 6 to conduct a hearing outside the presence of the jury, the only reasonable reading of this language is that a 'question is raised' when the trial judge is notified by a party or raises on his own an issue about the voluntariness of the confession.").

Here, a question of voluntariness was not raised; therefore, Appellant was not entitled to a hearing under Article 38.22. *See Copeland v. State*, No. 12-16-00333-CR, 2017 WL 4161547, at *2 (Tex. App.—Tyler Sept. 20, 2017, no pet.) (mem. op., not designated for publication) ("Because Appellant did not object to the voluntary nature of the statements at trial, the trial court's duty to conduct an Article 38.22 hearing and make independent findings was not triggered, and Appellant has not preserved the issue of voluntariness for appeal."); *Rodriguez v. State*, No. 05-11-01734-CR, 2013 WL 438686, *2–3 (Tex. App.—Dallas Feb. 5, 2013, no pet.) (not

designated for publication) ("[T]o be entitled to a hearing under [A]rticle 38.22, a defendant must first raise a fact issue as to the voluntariness of the statement. A trial court is not required to engage in fact finding concerning the voluntariness of oral statements unless there is some evidence raised to indicate that the statement is not voluntary.") (internal citations omitted); *cf. Lindley v. State*, 635 S.W.2d 541, 544–45 (Tex. Crim. App. [Panel Op.] 1982) (the trial court does not err by failing to make findings of fact and conclusions of law on the issue of voluntariness under Section 6 when the issue is never raised). We conclude, contrary to Appellant's assertion, that the trial court did not abuse its discretion in "failing" to conduct an Article 38.22 hearing on any alleged voluntariness issue that Appellant only now raises on appeal.

Accordingly, we overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

April 30, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

10